## Town of Normal v. James Webb.

1. CITIES AND TOWNS—*Negligence in the Construction of Sidewalks.*—It is negligence in a town to construct and maintain a sidewalk three, or four feet above the ground without any kind of protection whatever to prevent persons using it from falling off.

2. DEFENSES—*To Suits for Personal Injuries.*—It is no defense to an action against a municipal corporation for injuries sustained in falling from a sidewalk constructed three or four feet above the ground, without anything to protect persons using the same, to show that the plaintiff was subject to dizzy spells and fell from the sidewalk during one of such spells.

Trespass on the Case, for personal injuries. Appeal from the Circuit Court of McLean County; the Hon. COLOSTIN D. MYERS, Judge, presiding. Affirmed. Opinion filed September 11, 1900.

TROWBRIDGE, FLEMING & BOHRER, attorneys for appellant.

KERRICK & BRACKEN and S. H. HAYES, attorneys for appellee.

MR. JUSTICE BURROUGHS delivered the opinion of the court.

This was a suit by appellee against appellant to recover damages for personal injuries received by him by reason of the alleged negligence of appellant in constructing and maintaining a sidewalk upon one of the streets within the corporate limits of the town of Normal, from three to four feet above the level of the ground, without a guardrail or other appliance to protect pedestrians from falling off.

There was a trial by jury in the Circuit Court of McLean County, where a verdict and judgment were rendered against appellant for $500, and to reverse the latter appellant prosecutes this appeal, insisting that the verdict is contrary to the evidence, the trial court misdirected the jury, and refused proper instructions.

The evidence shows that appellee is a shoemaker seventy years old and sometimes had dizzy spells, as he says, but not to such an extent as to cause him to fall. As he was

going from his shop to the meat market, both places being in the corporate limits of the town of Normal, appellant passed along the sidewalk of one of the streets of the town, and when he reached that part of it which is at least three or four feet above the level of the ground, he began to feel dizzy, and believing it would pass off quickly, as it usually did, he continued his journey and fell off the walk where it was highest from the ground, and thereby received a very painful wound.

Counsel for appellant insists that appellee was guilty of such contributory negligence as precludes his right to recover for the injury he received, but we are unable to find a warrant for such conclusion in the evidence, for he had no control of his dizziness and should not be blamed on that account. It does seem to us, however, that the town authorities of appellant were guilty of negligence in constructing and maintaining a sidewalk so far above the ground, without any kind of protection whatever to prevent persons using it from falling off. Some of appellee's instructions were not quite accurate, and if the evidence was close as to the liability of appellant on the facts, they might not be maintained; but the facts not being seriously disputed, and the size of the verdict, in view of the seriousness of the injuries appellee received, showing such inaccurate instructions have not produced any harmful result to appellant, we will not reverse the judgment on that account.

As the record discloses no reversible error in the proceedings of the trial court, and that the evidence supports the judgment, the latter will be affirmed.